Grover, J.
(dissenting.) It is insisted by the counsel for the appellant that the respondents, as creditors of the testator, had no interest in the question whether the appellant acted as co-executor of the testator, and, therefore, no right to petition the surrogate to vacate the letters testamentary which had been issued to him. Section 2, 2 Revised Statutes, 69, provides that letters testamentary may be granted at any time after the will shall be proved, unless an affidavit by the widow, etc., including a creditor, to the effect therein specified be made, and that upon filing such affidavit with the surrogate he *358 shall stay the granting of letters testamentary for at least thirty days, unless the matter shall sooner be disposed of. Section 6 of the act, among other things, provides, that if objections be made by any creditor, etc., of the testator, to one or more of the persons named in the will as executors, the surrogate shall inquire into such objections, and that if it appear that the circumstances of any person named as such executor are such that, in the opinion of the surrogate, they would not afford adequate security to the creditors, etc., he may refuse letters testamentary to such person until he shall give the like bond as is required by law of administrators in cases of intestacy. These sections show that it was the design of the legislature to give the creditors of the testator an opportunity of being heard by the surrogate upon the question whether the assets would be safe in the hands of the person to whom it was proposed to intrust them without security, and to require the surrogate to inquire into and determine the question, and if he found they would hot, to refuse to issue the letters until the security specified in the section should be given. It would be entirely. inconsistent with these provisions to hold that when, as in the present case, letters were issued to one authorizing him to act as executor, giving him full control as such of the estate, upon the ex parte application of one to whom letters testamentary had been previously issued, giving no opportunity to any one to interpose any objection showing that such appointment would be hazardous to those interested in the estate; that creditors and others having a right by statute to make that objection, could not apply to vacate the letters so issued. These provisions show that to protect the rights of those interested in the estate, a hearing was secured to them before the surrogate as to the circumstances of the person proposed, before he should get into his hands or obtain the control of any part of the estate, as after that it might be impossible to recover the property from him in case of his removal. This shows, I think, that the creditors had a right to apply to the surrogate to vacate the letters issued to the appellant, against *359 which they had had no possible opportunity of making objections. This brings us to the real question in the case, which is, whether the testator must himself appoint the executor or executors, or whether he may provide in his will that the appointment may be made by others, upon .whom he confers authority to make it. In the present case the testator appointed his wife executrix of his will and added a request that such male friend as she might desire should be appointed with her as co-executor. It is' obvious that the question is the same as though no executor had been appointed by the testator, but power had been given to his widow or any other person to appoint one or more after the decease of the testator. Such a power is held valid by the English courts, and that executors may properly be appointed thereunder. (In the Goods of Cringan, 1 Hagg. Eccl., 548 ; In the Matter of Ryder, 2 Swabey & Tristram, 127; In the Goods of Deichman, 3 Curtis, 123.) Although these cases arose and were decided long after the separation of the Colonies from the mother country, yet, having been determined upon the rules of the common law and not the provisions of any statute we must assume that such was the immemorial common law, and consequently in force as such before and at the time of that event. I shall assume that it was, then, a part of the common law, and as such became a part of the law of this State under the constitutional and statutory provisions by which that was incorporated into the law of the State.. The question, then, is whether the right of delegating the power of appointing executors is so far inconsistent with the provisions of our statute, that it must be regarded as abolished thereby. Section 1 (2 R. S., 221) empowers and requires surrogates to hold courts, and carefully enumerates the powers that may be exercised therein. These courts being created by statute, it is clear that they can exercise no powers except such as the statute confers. Among the powers conferred upon the court, is to take proofs of wills and grant letters testamentary. Were there no further provisions this *360 would include the power to grant the letters to such as were entitled at common law. This would result from the rule that when jurisdiction of a subject is granted to a tribunal created by statute, it includes all such power as the common law confers as incidental to such jurisdiction. (Griffin v. Griffin, 47 N. Y., 134.) But the statute (§ 1, 2 R. S.) provides that when any will of personal property shall have been duly admitted to probate, the surrogate who took such proof shall issue letters testamentary thereon to the persons named therein as executors, who are competent by law to serve as such and who shall appear and qualify. The counsel for the appellant cites cases, statutes and elementary authorities, showing that the literal naming of a person executor is not essential, but that the statute is complied with by such a designation of the person intended that he may be readily known, and such a designation of the duty to be performed as to show clearly that the office of executor was intended. The statute should be construed as requiring the letters to be issued to the persons appointed thereby to execute it. But this does not show that the appointment may be altogether omitted and power to make it delegated to another. True, in a certain sense, when the power is delegated and an appointment made, the appointee derives his authority from the will; and a very liberal construction might regard him as appointed by the testator. But it is manifest that if this construction is adopted, the right attempted to be secured by the second section of the act, of objecting to" the person proposed, by those interested in the estate, will be rendered wholly nugatory. The appointment by the authorities cited need not be made until after the will is proved, and then, as was done in the present case, may be made forthwith upon being made, and thus the entire estate placed in unsafe hands, without any opportunity to those interested of being heard. This would, in all cases where this course was adopted, effect a practical repeal of the section. Section 9 of the act provides that if any person named as executor shall not appear to qualify, etc., within thirty *361 days after probate, lie may be cited to appear and qualify or renounce, at the instance of any party interested in the estate. This section would have no application to a person to be named by another authorized so to do by the will.
Sections 3 and 14 of the act provide for cases where no executor is named in the will, or all renounce or are disqualified, and directs that in such cases administration with the will annexed shall be granted, in the manner therein specified. This shows that it was intended by the statute to provide a system for the probate, granting letters testamentary, and settling the estate complete in itself; some of the provisions being, as I think, utterly inconsistent with a right of delegating the power of appointing an executor in the will or in any other way.
My conclusion is that such right is abolished, and does not exist under the statute. So far as is known this is the second attempt made by any testator to exercise it. In the first the surrogate of New York decided that it did not exist. (In the Matter of Bronson, 1 Tucker, 464.) But I do not think the appellant should be charged with costs; he has acted, so far as appears, in entire good faith. The question is new . and not free from doubt. It was the act of the testator that caused the litigation, and his estate should defray the expense.
The order of the General Term should be affirmed and the costs of both parties in this court paid from the estate of the testator.
All concur with Allen, J., except Grover and Folger, JJ., dissenting; Miller, J., not sitting.
Judgment of General Term reversed and order of surrogate affirmed.